**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

LARRY POLIZZI                                                      CIVIL ACTION

VERSUS                                                            22-227-SDD-EWD

SALESIANS OF DON BOSCO et al.

<u>**RULING**</u>

This matter comes before the Court on the joint *Motion to Dismiss for Failure to Include a Necessary Party* under Federal Rule of Civil Procedure 12(b)(7) or, in the alternative, to Stay Proceedings filed by the Salesians of Don Bosco ("Salesians") and School Sisters of Notre Dame Central Pacific Province ("SSND") (collectively "Defendants").[1]  Plaintiff Larry Polizzi ("Plaintiff" or "Polizzi") opposes the motion.[2]  The Court has considered the applicable law and submissions of the parties, and is prepared to rule.  For the following reasons, the Defendants' motion[3] is DENIED.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The present litigation arises from events that are alleged to have occurred in 1976 while the Plaintiff was a minor residing at Hope Haven, a then-existing Catholic residential facility for orphans and troubled youth in Marrero, Louisiana.  Plaintiff alleges that, around this time, he was subjected to multiple instances of sexual abuse by Father Sean Leo Rooney ("Rooney"), a Roman Catholic priest who was a member of and ordained by Salesians, and Sister Alvin Marie Hagan ("Hagan"), a vowed member of SSND (collectively "the Perpetrators").  Plaintiff also alleges that the Perpetrators were assigned

---

[1] Rec. Doc. 59.
[2] Rec. Doc. 63.
[3] Rec. Doc. 59.

1

to Hope Haven by the respective Defendants, who remained "ultimately responsible for [their] supervision, oversight, management, retention, and control of [their] actions."[4] Accordingly, Plaintiff initiated this lawsuit in the 19th Judicial District seeking recovery under state tort law theories of negligence and vicarious liability.[5]    Defendants subsequently removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.[6]

Defendants now move this Court under Federal Rule of Civil Procedure 12(b)(7) to dismiss the Plaintiff's claims, or alternatively, to stay proceedings, because The Roman Catholic Church of the Diocese of New Orleans ("Archdiocese") is an absent but necessary party.[7]   They further contend that because the Archdiocese was (1) at all relevant times the "owner and operator" of Hope Haven, and (2) "the employer of the persons alleged to have abused plaintiff," it is an "indispensable party" that, under Federal Rule of Civil Procedure 19, the lawsuit cannot proceed without.[8]

The Archdiocese initiated a Chapter 11 bankruptcy proceeding on May 1, 2020, in which the Plaintiff subsequently filed a Proof of Claim in connection with the sex abuse he allegedly endured at Hope Haven.[9]  Although that matter was still pending at the time of the instant motion's filing, it concluded on December 8, 2025, resulting in a $230 million

---

[4] Rec. Doc. 1-2, ¶¶ 14, 15.
[5] *Id*. at p. 1.
[6] Rec. Doc. 1-1.
[7] Rec. Doc. 59.
[8] *Id*. at p. 2.  Plaintiff disputes the latter contention about who actually employed Rooney and Hagan, and correctly points out that a Rule 12(b)(7) motion is not the proper forum for resolving factual disputes. Indeed, "[i]n ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept the complaint allegations as true."  *Abbott v. BP Expl. & Prod. Inc.*, 781 F. Supp. 2d 453, 460 (S.D. Tex. 2011).
[9] Rec. Doc. 63, p.1; *see In re Roman Cath. Church of Archdiocese of New Orleans*, No. 20-10846, ECF No.1 (Bankr. E.D. La.).

2

settlement and approval of an Amended Chapter 11 Plan.[10]  With this background in mind, the Court turns to the merits of the motion.

## II.    RULE 12(B)(7) STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(7) alleges that a plaintiff has failed to join a required party in accordance with Federal Rule of Civil Procedure 19.[11]  Rule 19 provides "for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue.  It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined."[12]

The nature of Rule 19 requires the Court to make "highly practical, fact-based decisions" when it applies the rule.[13]  To this end, the Rule calls for a two-part analysis[14] whereby courts seek to maximize effective relief with the minimal expenditure of judicial energy.[15]  First, the Court must determine whether a party should be joined to the suit; in other words, if they are a required party.[16]  A *required party* is defined by Rule 19(a) as "a person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction [and who] must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or

---

[10] *See In re Roman Cath. Church of Archdiocese of New Orleans*, 2025 WL 3545484 (Bankr. E.D. La. Dec. 9, 2025).

[11] FED. R. CIV. P. 12 (b) (7).

[12] *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (internal citations omitted).

[13] *See Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986).

[14] *Lenz v. Scherer*, 2025 WL 2754749, at *7 (E.D. La. Sep. 29, 2025).

[15] *Gentry v. Smith*, 487 F.2d 571, 579-80 (5th Cir. 1973).

[16] FED. R. CIV. P. 19(a); *Nat'l Cas. Co. v. Gonzalez*, 637 F. App'x 812, 814 (5th Cir. 2016).

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

　　(i)　　as a practical matter impair or impede the person's ability to protect the interest; or

　　(ii)　　leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[17]

In making this determination, "the Court is not limited to the pleadings, and may consider [the] 'allegations of the complaint…and other proofs adduced in contradiction or support thereof.'"[18]  If it is concluded that "joinder is warranted [,] then the person will be brought into the lawsuit.  If, however, "the required party cannot be joined without destroying subject matter jurisdiction," or their joinder is otherwise unfeasible, then the Court must turn to the second step of the analysis, set out in Rule 19(b).[19]  It asks "whether that party is indispensable,"[20] such that, as a matter of equity and good conscience, the lawsuit cannot proceed without them."[21]

In any event, the initial burden is on the movant to show that joinder is necessary.  "[I]f an initial appraisal of the facts demonstrates the absent person or entity is required, the burden is shifted to the opponent of joinder."[22]  Importantly, no inquiry of Rule 19(b) 'indispensability'—or even of joinder feasibility—is required if the threshold requirements

---

[17] FED. R. CIV. P. 19 (a) (1).
[18] *Dalton v. Innov8tiveNutrition, Inc.*, 2025 WL 391737, at *2 (N.D. Tex. Feb. 4, 2025) (quoting *Estes v. Shell Oil Co.*, 234 F.2d 847, 849 (5th Cir. 1956)).
[19] *PHH Mortgage Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 560-61 (5th Cir. 2023).
[20] *Id*.
[21] *Cornhill Ins. PLC v. Valsamis*, 106 F.3d 80, 84 (5th Cir. 1997).
[22] *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 273 F.R.D. 380, 385 (E.D. La. 2011).

4

of Rule 19(a) have not been satisfied; in other words, a party cannot, as a practical matter, be indispensable unless they are first found to be required.[23]

## III.    LAW AND ANALYSIS

The Court notes from the outset that the Defendants' motion is untimely.  A Rule 12(b)(7) motion "must be made before pleading if a further pleading is permitted."[24] Notably, Defendant Salesians already brought one unsuccessful Rule 12(b) motion[25] in this case, and, while SSND did not, both parties subsequently filed Answers. Yet, Defendants waited almost one full year after doing so to bring the instant joint Rule 12(b)(7) motion.[26]    Nevertheless, although clearly untimely, the Court will exercise discretion and consider the merits of the motion.[27]

The Court must first determine whether the Archdiocese is a *required party* pursuant to Rule 19(a)(1)(A).  By its language, the Archdiocese is a "required" party to this action if, in its absence, "the court cannot accord complete relief among existing parties," namely Plaintiff and Defendants.[28]  "To determine whether complete relief is available without the absent party, 'the court looks to the relief prayed for by the claimant.'"[29]  Importantly, "even if an absent party might be jointly and severally liable with the named defendant, courts may still afford complete relief as between the plaintiff and

---

[23] *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990) (per curiam) ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.").

[24] FED. R. CIV. P. Rule 12(b); *see Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) ("a rule 12(b) motion must be filed before responsive pleadings").

[25] Rec. Doc. 6.

[26] SSND filed its Answer on November 5, 2024.  Rec. Doc. 34. Salesians filed its Answer on November 11, 2024.  Rec. Doc. 36.  The instant motion, however, was not filed until October 31, 2025.  Rec. Doc. 59.

[27] *Becker v. Wabash Nat. Corp.*, 2007 WL 2285897, a *1 n.4 (S.D. Tex. Jul. 31, 2007) (considering an untimely filed 12(b)(7) motion in the interests of justice).

[28] FED. R. CIV. P. 19(a)(1)(A).

[29] *Union Pac. R.R. Co. v. City of Palestine*, 517 F. Supp. 3d 609, 619 (E.D. Tex. 2021) (quoting *Cain v. City of New Orleans*, 184 F. Supp. 3d 349, 358 (E.D. La. 2016)).

named defendant."[30]  Thus, Rule 19(a)(1) focuses "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person."[31]

While Defendants assert that the Archdiocese's presence "is required for the fair and complete resolution of the claims," their supporting arguments are couched in terms such as "prejudice" and "equity"—language aimed at satisfying Rule 19(b).  Moreover, their supporting memorandum makes no express mention of Rule 19(a), nor does it present an analysis for this Court's consideration of why the Archdiocese is a required party under its provisions.  Notwithstanding this deficiency, the Court relies on the substance of the Defendants' 19(b)-focused arguments to decide if the threshold requirements of 19(a)(1)(A) are met.

Defendants first contend that the Archdiocese's absence would "subject [them] to *undue prejudice* for being the parties before the jury when the plaintiff has failed to include a party which is relevant under the same set of alleged facts and against whom an identical claim has been filed."[32]  This relies on Defendants' assertion that the Archdiocese "owned and operated" Hope Haven in 1976 and "was the employer" of the Perpetrators.[33]  While certainly relevant to Defendants' available defenses or bases for comparative fault at trial, these facts (assuming they are true) do not provide a basis for concluding the Court cannot accord Plaintiff relief based on his theories of recovery.  Indeed, Rule 19(a)(1) does not require the joinder of every person who might potentially be liable to the

---

[30] *Pavecon Holding Co., Inc. v. Tuzinski*, 2017 WL 2539414, at *3 (E.D. Tex. May 19, 2017), report and recommendation adopted, 2017 WL 2506468 (E.D. Tex. June 9, 2017) (internal citations omitted).
[31] *GE Bus. Fin. Servs. Inc. v. Sundance Res., Inc.*, 2009 WL 1449052, at *1 (N.D. Tex. May 21, 2009) (quoting *LLC Corp. v. Pension Benefit Guar. Corp.*, 703 F.2d 301, 305 (8th Cir. 1983)).
[32] The Defendants allude to the Proof of Claim the Plaintiff filed against the Archdiocese in its Chapter 11 bankruptcy proceeding before the United States Bankruptcy Court for the Eastern District of Louisiana.
[33] Rec. Doc. 59-1, p. 3.

plaintiff in a lawsuit.[34]  This is especially true where, as here, Plaintiff seeks to recover under Louisiana tort law, which provides that "the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty[.]"[35]  "The fundamental purpose of Louisiana's comparative fault scheme is to ensure that each tortfeasor is responsible only for that portion of the damage he has caused."[36]  The Court can therefore consider comparative fault evidence regardless of whether an absent tortfeasor is joined as a party.  Thus, Defendants have failed to show the Archdiocese is a required party on this basis.

Defendants' argument that the "failure to include the Archdiocese will prejudice [their] defenses and inability to examine [t]he Archdiocese's records, witnesses and policies at issue in this matter," assuming it would affect the Court's ability to deliver a complete relief, is no more availing.  Defendants do not cite, and the Court did not find, any authority to support the proposition that a non-party's possession of evidence (regardless of whether they are a joint tortfeasor) renders them a required party for purposes of Rule 19.  In any event, discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure, which provides that a party may command non-parties to produce "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control.[37]  That same Rule

---

[34] *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("The Advisory Committee Notes to Rule 19(a) explicitly states that a tortfeasor with the usual joint and several liability is merely a permissive party to an action against another with the like liability…. There is nothing in Louisiana tort law to the contrary.") (internal citations and quotations omitted)).

[35] La. Civ. Code art. 2323.

[36] *Miller v. LAMMICO*, 973 So.2d 693, 706 (La. 2008).

[37] FED. R. CIV. P. 45(a)(1)(A)(iii).

provides a mechanism by which the Defendants may obtain testimony from non-party witnesses.[38]

For these reasons, the Defendants have failed to show that the Archdiocese is a required party under Rule 19(a)(1)(A).

The Court next turns to whether the Archdiocese is a "required" party based on its claimed interest relating to the subject of this action.[39] "Rule 19(a)(1)(B) is applicable only when the absent party's interest in the subject matter of the underlying action is not 'indirect or contingent,' but rather is 'of such a direct and immediate character that the absent party will either gain or lose by the direct legal operation and effect of the judgment.'"[40] Critically, this rule only applies where the absent party "claims an interest relating to the subject of the action."[41] The Archdiocese has not indicated any interest in this action by seeking to intervene, nor can Defendants assert an interest on its behalf. "The fact that an absent party does not seek joinder by its own volition indicates that it lacks an interest relating to the subject matter of the action."[42]

Even if the Archdiocese had done so, this Court would still need to determine, under rule 19(a)(1)(B)(i), that its absence would, "as a practical matter[,] impair or impede [its] ability to protect" its claimed interest.[43] "This determination concerns the effects the

---

[38] *Id.*

[39] *See* FED. R. CIV. P. 19(a)(1)(B).

[40] *Doe v. Salesians of Don Bosco*, 2026 WL 174173, at *4 (M.D. La. Jan. 22, 2026) (quoting *Pavecon Holding*, 2017 WL 2539414, at *3) (internal citations omitted)).

[41] FED. R. CIV. P. 19(a)(1)(B); *Indian Harbor Ins. Co. v. KB Lone Star, Inc.*, 2012 WL 1038658, at *6 (S.D. Tex. Mar. 27, 2012) (citing *Canal Indemnity Co. v. Adair Homes, Inc.*, 2010 WL 55871, at *3 (W.D. Wash. Jan. 4, 2010) ("district court did not err in holding joinder was necessary where absent insurers were likely aware of coverage action but chose not to assert their interest")).

[42] *Union Pacific Railroad Company v. City of Palestine*, 517 F. Supp. 3d 609, 620 (E.D. Tex. 2021) (internal citations omitted and cleaned up).

[43] FED. R. CIV. P. 19(a)(1)(B)(i).

litigation would have upon the absent party."[44]   As an initial matter, just because the Archdiocese could be affected by a judgment in this action—to the extent it is a joint tortfeasor and potentially subject to a claim for indemnity of contribution by Defendants—does not render it a required party.[45]   It is not enough that an absent party <u>might be</u> adversely affected by the outcome of the litigation.[46]   More importantly, the Archdiocese has obtained certain protections from liability through the Chapter 11 bankruptcy proceeding wherein the Plaintiff filed a Proof of Claim, which has since settled.[47]

Lastly, Rule 19(a)(1)(B)(ii) requires the Court to consider whether, assuming the Archdiocese has sufficiently claimed an interest in the subject matter of this action, the failure to join it as a defendant would subject Defendants to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.  "This portion of Rule 19 is… not concerned with non-parties."[48]   Defendants claim they may be subjected to "multiple litigation over the same issues," and they contend the Archdiocese is required for "a full[] and consistent adjudication binding on <u>all</u> parties."[49]   But Defendants fail to articulate how, and from where, multiple or otherwise inconsistent obligations would arise.  Certainly, it would not arise from any obligation Defendants may ultimately have to fulfill the share of comparative fault assigned to the Archdiocese in this matter.  Indeed, "a defendant who

---

[44] *Broad Music, Inc. v. Armstrong*, 2013 WL 3874082, at \*6 (W.D. Tex. July 24, 2013) (citing *Dore Energy Corp. v. Prospective Inv. & Trading Co., Ltd.*, 2008 WL 152119 (W.D. La. Jan. 4, 2008)).

[45] *Ortiz v. A.N.P.*, 2010 WL 3702595, at \*4 (S.D. Tex. Sep. 15, 2010) (citing *Nottingham v. General Am. Comms. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) ("[t]he Fifth Circuit has held that Rule 19 does not require the joinder of persons against whom a defendant may have a claim for contribution."); *see* Note 34 *supra.*

[46] Emphasis added.

[47] Even at the time Plaintiff filed his opposing memorandum, he noted that "the plaintiffs in the Archdiocese bankruptcy have overwhelmingly approved a settlement, ensuring that the debts will be discharged and ensuring that no inconsistent trial will occur."  Rec. Doc. 63, p. 5.  He therefore described the Archdiocese as akin "to a party who settled pre-suit."  *Id.*  The Court agrees with this characterization, especially now that the bankruptcy proceeding has ended.

[48] *James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 551 (S.D. Tex. 2001).

[49] Rec. Doc. 59-1, p. 5-6.

may be entitled to contribution or indemnity cannot be subjected to double or multiple obligations since his liability is several for the entire amount."[50]  Nor does the fact that Defendants "may be found liable to another party in a subsequent action arising from the same incident-i.e., a risk of inconsistent adjudications or results…necessitate joinder of all the parties into one action pursuant to [Rule 19]."[51]

Furthermore, joinder is not required to ameliorate a risk of Defendants being exposed to inconsistent obligations.  "Inconsistent obligations occur when an existing party cannot comply with one court's order without breaching the order of another court that pertains to the same incident."[52]  Here, the Defendants' obligations, if any, with respect to the Plaintiff's claims will be fully resolved at the conclusion of the lawsuit. Defendants' conclusory assertion that "Plaintiff has made contradictory claims against the Archdiocese and the Defendants which can only be resolved is all parties are included in this litigation," does nothing to undermine this proposition.  Because "an unsubstantiated or speculative risk [of inconsistent obligations] will not satisfy the rule 19(a) criteria[,]"[53] Defendants contentions, to the extent they fail to articulate the mechanism by which such obligations may arise, are groundless.

For the foregoing reasons, the Defendants have failed to meet their burden of establishing that the Archdiocese is a required party under Rule 19(a)(1)(B).  The ultimate basis for the Court's conclusion was expressed recently—and under similar circumstances—by another Court in the Middle District.[54]  The Court held that, "[i]f Plaintiff

---

[50] *James*, 159 F. Supp. 2d at 51-552 (quotations and citations omitted).
[51] *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (5th Cir. 1998).
[52] *Broadcast Music, Inc. v. Armstrong*, 2013 WL 3874082, at *7 (W.D. Tex. Jul. 24, 2013) (internal citations omitted).
[53] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 265 F.R.D. 266, 272 (E.D. La. 2010).
[54] *Doe v. Salesians of Don Bosco*, 2026 WL 174173, at *5 (M.D.L.A. Jan. 22, 2026).

10

prevails, then [Defendants] can seek any indemnity or contribution against the Archdiocese to the extent allowed in light of the bankruptcy proceeding.  Similarly, if [Defendants] prevail[], then [they] can seek preclusion as to any claim brought against [them] by the Archdiocese to the extent allowed in light of the bankruptcy proceeding."[55]

Because the Court finds the Archdiocese is not a "required" party under any provision of Rule 19(a)—that is, not a "party who is required to be joined if feasible"—it likewise concludes the Archdiocese is not an indispensable party under Rule 19(b).[56] Having found the Defendants' initial burden under Rule 19(a) to be unsatisfied, the Court need not address feasibility.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' motion[57] is DENIED in its entirety.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>May 12, 2026</u>.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[55] *Id.*
[56] *See* FED. R. CIV. P. 19(b).
[57] Rec. Doc. 59.

11